Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000737
19-JUL-2013
08:18 AM

NO. CAAP-12-0000737

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

FEDERAL HOME LOAN MORTGAGE CORPORATION,
Plaintiff-Appellee,
v.
TIMOTHY J. COITO and ANN K. COITO,
Defendants-Appellants

APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 3RC12-1-30H)

MEMORANDUM OPINION
(By: Foley, Presiding J., Leonard and Ginoza, JJ.)

Defendants-Appellants Timothy J. Coito and Ann K. Coito
(collectively, Coitos) appeal from several orders and a judgment
for possession entered in the District Court of the Third
Circuit[1] (district court) in favor of Plaintiff-Appellee Federal
Home Loan Mortgage Corporation (FHLMC). The district court
granted FHLMC's motion for summary judgment, granted a judgment
for possession and writ of possession to FHLMC, and denied the
Coitos' motion for reconsideration.

## I. BACKGROUND

On January 31, 2012, FHLMC filed a complaint for
ejectment in the district court against the Coitos. FHLMC
alleged it was the owner of the subject property (Property) by
virtue of a non-judicial foreclosure sale held on April 11, 2011.

---

[1] The Honorable Melvin H. Fujino presided.

The complaint stated FHLMC had provided the Coitos written notice to vacate, and FHLMC requested a judgment for possession and a writ of possession  The Coitos did not file a written answer to the complaint but appeared at a hearing before the district court.  The hearing's minutes indicate the Coitos orally entered a general denial.

FHLMC filed a motion for summary judgment (MSJ) on April 5, 2012.  FHLMC's supporting documentation included a "Mortgagee's Affidavit of Foreclosure Under Power of Sale" and the resulting quitclaim deed issued in its favor, both recorded in the Land Court of the State of Hawai'i.

The Coitos filed their opposition to FHLMC's MSJ on April 17, 2012.  In their opposition, the Coitos argued the district court lacked jurisdiction pursuant to Hawaii Revised Statutes (HRS) 604-5 (Supp. 2012) because the Coitos challenged FHLMC's title to the Property.  The Coitos attached an affidavit by Ann Coito in which she claimed to be the owner of the Property and claimed the foreclosure sale was invalid.  Specifically, the affidavit stated the lender had failed to provide the Coitos with a notice of acceleration as required by the power of sale clause contained in the Coitos' mortgage.  FHLMC did not file a response to the Coitos' opposition.

The district court held a hearing on FHLMC's MSJ on April 25, 2012.  At the hearing's conclusion, the district court orally granted FHLMC's MSJ.  The district court entered its order and a writ of possession and judgment for possession on May 9, 2012.

On April 30, 2012, the Coitos filed a motion for reconsideration pursuant to District Court Rules of Civil Procedure (DCRCP) Rule 59.  The Coitos again argued the district court lacked jurisdiction and attached another affidavit by Ann Coito, adding several details that were not in the first affidavit.  The court denied the Coitos' motion, concluding the Coitos' evidence and arguments should have and could have been

presented earlier, and it entered its order denying the Coitos' motion on July 26, 2012.

The Coitos filed a timely notice of appeal to this court on August 24, 2012. On appeal, the Coitos argue the district court lacked jurisdiction to grant FHLMC's MSJ and erred in denying their motion for reconsideration.

## II. STANDARDS OF REVIEW

"The existence of jurisdiction is a question of law that [the appellate court reviews] de novo under the right/wrong standard." Captain Andy's Sailing, Inc., v. Dep't of Land & Natural Res., State of Hawai'i, 113 Hawai'i 184, 192, 150 P.3d 833, 841 (2006) (internal quotation marks omitted).

## III. DISCUSSION

HRS § 604-5(d) ("Civil jurisdiction") states in relevant part: "The district courts shall not have cognizance of real actions, nor actions in which the title to real estate comes in question[.]" Pursuant to DCRCP Rule 12.1, defendants may assert, as a defense to the district court's jurisdiction, that the action is one in which title to real estate will come in question. DCRCP Rule 12.1 requires defendants raise this defense by an affidavit of the defendant setting forth the "source, nature, and extent of the title claimed[.]"

We conclude the affidavit submitted with the Coitos' opposition to FHLMC's MSJ satisfied the requirements of DCRCP Rule 12.1 and sufficiently raised a question of title to divest the district court of jurisdiction. In this case, FHLMC does not dispute that the Coitos initially had title to the Property; both parties agree the only issue is whether the Coitos retained title after the non-judicial foreclosure sale. Therefore, although "[t]he source, nature and extent of the title could have been described more precisely[, the] failure to do so[] did not make the affidavit deficient." Monette v. Benjamin, 52 Haw. 246, 248, 473 P.2d 864, 865 (1970).

Moreover, the Coitos' affidavit sufficiently apprised the court of the nature of their continuing claim of title to the Property. HRS § 667-5(a)(3) (Supp. 2011) requires mortgagees to "[g]ive any notices and do all acts as are authorized or required by the power contained in the mortgage." The Coitos' affidavit states they did not receive a notice of the loan acceleration or an opportunity to cure their default, as required by their mortgage's terms. The Coitos' mortgage contains a power of sale clause, which states in relevant part:

> 22. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument[.] . . . The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the power of sale and any other remedies permitted by Applicable Law.

Pursuant to the mortgage, the Coitos must have received a notice of acceleration and must have failed to cure the default by the date specified in the notice before the mortgagee could validly invoke its power of sale. "[T]o effect a valid sale under power, all the directions of the power must be complied with[.]" Lee v. HSBC Bank USA, 121 Hawaiʻi 287, 291, 218 P.3d 775, 779 (2009); see also In re Kekauoha-Alisa, 674 F.3d 1083, 1090 (9th Cir. 2012) (noting that Hawaiʻi law requires strict compliance with statutory non-judicial foreclosure procedures). In this case, the affidavit's assertion that the mortgagee failed to comply with the power of sale clause raised a sufficient question of title pursuant to DCRCP Rule 12.1. Cf. Deutsche Bank Nat. Trust Co. v. Peelua, 126 Hawaiʻi 32, 38, 265 P.3d 1128, 1134 (2011) (concluding defendant's assertion of having been

4

"defrauded, duped, coerced, and tricked" into transactions involving his property was insufficient to establish that he continued to maintain a claim to title).

We conclude the Coitos' affidavit raised a sufficient question of title to divest the district court of jurisdiction. Where a question of title is raised, the district court cannot pass upon the merits of that question, but rather is ousted of jurisdiction.  Monette, 52 Haw. at 249, 473 P.2d at 866. Therefore, the district court erred in granting summary judgment in favor of FHLMC, and the Coitos' points on appeal regarding the district court's denial of their motion for reconsideration are moot.

## IV.  CONCLUSION

We vacate the District Court of the Third Circuit's (1) May 9, 2012 "Order Granting Plaintiff's Motion For Summary Judgment, Filed Herein On April 5, 2012, Against All Defendants On Complaint Filed January 31, 2012", (2) May 9, 2012 Judgment For Possession; (3) May 9, 2012 Writ Of Possession; and (4) July 26, 2012 "Order Denying Defendant's Motion For Reconsideration Of Granting Defendant's (Sic) Motion For Summary Judgment And For Dismissal Of The Ejectment Complaint Filed On April 30, 2012" and we remand this case with instructions to dismiss the case for lack of jurisdiction.

DATED:  Honolulu, Hawaiʻi, July 19, 2013.

On the briefs:

Damon M. Senaha
for Defendants-Appellants.

Robert E. Chapman
Mary Martin
(Clay Chapman Iwamura Pulice &
Nervell)
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge

5